JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
MANDOUR & ASSOCIATES, APC
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone:  (858) 487-9300
Facsimile: (858) 487-9390
Email: jmandour@mandourlaw.com

Attorneys for plaintiff,
FORGED THREADWORKS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORGED THREADWORKS, INC., a California Corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>INFIDEL INDUSTRIES LLC, a Massachusetts Limited Liability Company,<br><br>       Defendant. | Civil Case No. 14 CV 7200<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FORGED THREADWORKS, INC. (hereinafter "plaintiff"), by and through its counsel, alleges as its complaint against INFIDEL INDUSTRIES LLC (hereinafter "defendant") as follows:

\\

## NATURE OF THE ACTION

1.     This is an action for, *inter alia,* copyright infringement under federal law pursuant to 17 U.S.C. § 501, *et seq.*

## THE PARTIES

2.     Plaintiff FORGED THREADWORKS, INC. is a California corporation with an address in San Diego, California.

3.     Defendant INFIDEL INDUSTRIES LLC is a Massachusetts limited liability company that has a business address at 43 Vista Circle, Rutland, Massachusetts 01543.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the copyright laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over defendant because defendant has transacted business in the Central District of California.  Further, on information and belief, the defendant systematically and continuously directs business activities toward and into the Central District of California through sales, marketing and advertising on its publicly-accessible, interactive Internet website InfidelWarrior.com.

6.     Defendant's website at InfidelWarrior.com purports to provide shipping to 50 states throughout the U.S., including the Central District of California.  Thus, all content that infringes plaintiff's copyright and trademarks are for sale to consumers in the Central District of California.  Moreover, defendant's products are manufactured by companies in the Central District of California including American Apparel, Inc. and ALO Sport, both located in Los

Angeles, California.  Attached hereto as **Exhibit A** is a true and correct copy of portions of defendant's website indicating its products are manufactured by ALO Sport and American Apparel, Inc.

7.     On information and belief, defendant entered into systematic and continuous business in the District by offering for sale and shipping using the infringing content.  In view of the foregoing, plaintiff's claims arise from defendant's contacts with the Central District of California.

8.     Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for copyright infringement occurred in this district and defendant has significant, substantial and continuous contacts with the district.

## FACTS

9.     Plaintiff FORGED THREADWORKS, INC. is the author and/or assignee of all copyright rights to the website Forged.com.  Plaintiff sells, *inter alia,* its clothing products on its Forged.com website.

10.     Plaintiff's website and marketing material is the subject of U.S. Copyright Application Nos. 1-1377719341 and 1-1741291852.  As such, plaintiff's designs will be entitled to a statutory presumption of valid copyright rights upon maturation of the application into registration.

11.     Defendant INFIDEL INDUSTRIES LLC owns and maintains or is otherwise responsible for the content found on the website InfidelWarrior.com. Through this website, defendant sells clothing products substantially similar to plaintiff's clothing products.

12.     Defendant has routinely copied without authorization portions of plaintiff's copyrighted website including text, product names, clothing designs and marketing material.  Examples of defendant's copying are attached hereto as **Exhibit B** and **Exhibit C**.

13.   Due to the similarity of products sold by plaintiff and defendant, the parties compete directly for many of the same consumers.

14.   Defendant's copying and republication without authorization was thus willful, oppressive, malicious and with wrongful intent to infringe the rights of plaintiff.

15.   Plaintiff further uses the designations NO QUARTER and OPERATION HONOR THEM in relation to plaintiff's goods and services, including without limitation product names and marketing campaigns.

16.   Since long before defendant's use of the NO QUARTER and OPERATION HONOR THEM designations, plaintiff's use has become distinctive and identified exclusively with plaintiff and plaintiff's goods and services.

17.   In addition to copying plaintiff's works, defendant has further used without authorizations plaintiff's designations NO QUARTER and OPERATION HONOR THEM for similar goods and services, which is likely to cause confusion among consumers between plaintiff and defendant.

18.   Defendants' use of the copyrighted works and designations is intended to confuse and drive potential consumers of plaintiff's goods and services to defendant's respective websites and away from plaintiff's websites.

## CLAIMS FOR RELIEF
### First Claim for Relief
### (Copyright Infringement)

19.   Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 18 of the complaint as though fully set forth herein.

20.   At all times relevant hereto, plaintiff has been the owner of all copyright rights or rights to assert copyright claims for its website content and all derivative works.

21.    Without authorization, defendant used, copied, reproduced, and republished the copyrighted material.  Defendant's copying, reproduction, and republication were commercial in character and purpose.  Defendant either completely or substantially used plaintiff's copyrighted content.  Because the copying was for the purpose of competing with plaintiff, it did not constitute fair use under any doctrine of copyright law.

22.    Plaintiff did not authorize defendant's copying, displaying, or republishing of the works.  Defendant infringed the copyrights of plaintiff's creative works by reproducing, republishing, publicly displaying, and creating derivates of the works.

23.    As a result of defendant's infringement, plaintiff has suffered, and will continue to suffer, substantial losses.

24.    Defendant knew the infringed works belonged to plaintiff and that they did not have authorization to exploit plaintiff's works.  Defendant's infringements were therefore willful.

25.    On information and belief, defendant induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to reproduce and republish plaintiff's works.  Further, on information and belief, defendant had knowledge of the infringing acts of others relating to plaintiff's copyrighted works.

26.    On information and belief, defendant has the right and ability to control the infringing acts of the individuals and entities that directly infringed plaintiff's works.  Further, on information and belief, defendant obtained a direct financial benefit from the infringing activities of the individuals or entities that directly infringed plaintiff's works.

27.    Defendant's actions, as set forth above, constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*, all to the damage of plaintiff as previously alleged.

## Second Claim for Relief

### (False Designation of Origin - 15 U.S.C. § 1125(a))

28.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 27 the Complaint as though fully set forth herein.

29.     Defendant's use of plaintiff's NO QUARTER and OPERATION HONOR THEM designations has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

30.     By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with their goods and advertisement, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's products and commercial activities.

31.     By reason of the foregoing unlawful acts recited in paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this court against defendant.

## Third Claim for Relief

### (State Law Unfair Competition – Cal. Bus. & Prof. Code §17200)

32.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 31 the Complaint as though fully set forth herein.

33.     Defendant's acts as set forth herein constitute unfair competition as defined in California Business and Professions Code § 17200, et seq., all to the damage of plaintiff as previously alleged.

## **Fourth Claim for Relief**

### **(Common Law Trademark Infringement)**

34.    Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 33 of the complaint as though fully set forth herein.

35.    Defendant's acts as set forth herein constitute trademark infringement as defined by California common law, all to the damage of plaintiff as previously alleged.

## **Fifth Claim for Relief**

### **(Common Law Unfair Competition)**

36.    Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 35 of the complaint as though fully set forth herein.

37.    Defendant's acts, as set forth above, constitute unfair competition as defined by California common law, all to the damage of plaintiff as previously alleged.


## **PRAYER FOR RELIEF**

Plaintiff asks that this Court grant judgment against defendant for the following:

A.    Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

    i.    infringing plaintiff's copyright and trademarks;

    ii.    using any designation confusingly similar to plaintiff, including without limitation NO QUARTER and OPERATION HONOR THEM;

    iii.    competing unfairly with plaintiff in any manner, including infringing any of plaintiff's copyright and trademark rights; and

    iv.    conspiring, encouraging, inducing, allowing, abetting, or assisting

others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B.     Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference any of plaintiff's copyrighted materials any materials or articles used for making or reproducing the same.

C.     Defendant file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant has complied with the provisions of subparagraphs (A) and (B) above.

D.     Plaintiff recovers all damages it has sustained as a result of defendant's infringement.

E.     Plaintiff recovers statutory damages as a result of defendant's infringement.

F.     An accounting be directed to determine defendant's profits resulting from their infringement and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

G.     Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

H.     Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

I.     Plaintiff recovers its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

1    J.    Plaintiff receives all other relief the Court deems appropriate.

2

3

4                    **<u>DEMAND FOR JURY TRIAL</u>**

5    Plaintiff hereby demands a trial by the jury on its claims herein and all

6    issues and claims so triable in this action.

7

8                              Respectfully submitted,

9    Dated: <u>September 15, 2014</u>         MANDOUR & ASSOCIATES, APC

10

11                              <u>      /s/ Ben T. Lila      </u>

12                              Ben T. Lila (SBN 246808)
                                blila@mandourlaw.com

13                              Attorneys for plaintiff,
                                FORGED THREADWORKS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

EXHIBIT A



EXHIBIT A



EXHIBIT A

**EXHIBIT B**



**Plaintiff's Webpage**



**Defendant's Webpage**

EXHIBIT B

**EXHIBIT C**

EXHIBIT C



**SUPPORT THE KYLE FAMILY!**

In light of recent events involving a sucker punch (court settlement) to the face of our very dear friend, Taya Kyle, widow of the late Chris Kyle (American Sniper), Forged has made it a priority to offset the financial burden that she and her family are now faced with, as a result of ignorant pride.

Forged was founded in 2007, and began making a name for itself by selling a single t-shirt to help raise funds for a mortally injured Teammate who required financial assistance through his recovery process. If you did not know this, THAT is how Forged began.

Our mission to help Taya embodies the very essence of why we created Forged so many years ago. This is the fuel that fires the Brotherhood. When a Brother falls, his family must be taken care of. There is no specific foundation or organization established for this type of travesty. It is our duty as patriots, Brothers, and moral human beings to stand up and help support one of our Brother's family in this unjust situation.

In this trying time we stand behind Taya and the kids 100%, just as we did a little over a year ago when tragedy first struck the Kyle family. With your help, Forged intends to cover a majority share of the preposterous settlement that Taya Kyle and her children are now responsible for. We have created a very special way to remember Chris by offering the design below. Chris Kyle was often referred to as 'The Legend'. Join us to help bring some relief to Taya and the kids. You will not only have something cool to wear, but you will also be coming to the aid of the Kyle family.

*This campaign will end at Midnight on August 8th, 2014. All proceeds will be delivered to Taya Kyle personally. Please allow up to 72 hours for your order to be processed.*

**Plaintiff's Email**

EXHIBIT C



Dear Friend,

This week we heard the news about the "sucker punch" (court settlement) to the face of a great patriot, Taya Kyle, widow of the late Chris Kyle (American Sniper Book). Infidel Warrior has made it a priority to offset the financial burden that she and her family have now been issued as a result of ignorant pride.

We stand behind Taya and the kids 100%, just as we did a little over a year ago when tragedy first struck the Kyle family. (Donating $45,000 to the Chris Kyle Memorial Trust Fund) With your help, Infidel Warrior intends to cover a majority share of the preposterous settlement that Taya Kyle and her children are now responsible for. You will not only have something bad ass to wear, but you will also be coming to the aid of the Kyle family.

## Chris Kyle - Donation Apparel

"I would punch him in the face." - Uncle Sam

**Donation Apparel: www.infidelwarrior.com/products/fujv**

*$5.00 will be donated to the Chris Kyle Memorial Trust Fund. This donation goes directly to the Kyle Family. Thank you for the support!*

Uncle Sam Swinging - FUJV (Front)  "I would punch him in the face." - Uncle Sam (Back)

Made on high-quality American Apparel® blanks, our t-shirts are screen printed by hand in Massachusetts. Make your statement with graphics that are uniquely INFIDEL WARRIOR.

**This campaign will end at Midnight on August 10th, 2014. All proceeds will be delivered to chris Kyle Memorial Trust Fund. Please allow up to 48 hours for your order to be processed. This item is a pre-order. ALL pre-orders take approximately two to three weeks for completion and will ship immediately after that. ETA August 15th, 2014**

**Defendant's Email**

EXHIBIT C